**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUL - 9 2013

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| DAVID E. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1037 |
| ) | |
| TRAXLER, CHIEF JUDGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The plaintiff purports to bring a civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against judges of the United States Court of Appeals for the Fourth Circuit and the United States District Court for the Eastern District of Virginia. Generally, he alleges that he did not receive the speedy trial to which he was entitled under the Interstate Agreement on Detainers, the Speedy Trial Act, and the Fifth Amendment to the United States Constitution. He demands a declaratory judgment and, among other relief, reinstatement of his direct appeal to the Fourth Circuit.

The defendants to this action are immune from suit. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam) (affirming dismissal of *Bivens* claims for injunctive relief against defendant federal judges); *Edmonson v. Lee*, No. 08cv149, 2008 WL 2080912, at *3

3

(S.D. Miss. May 9, 2008) (dismissing as frivolous complaint by state prisoner against federal judges because "the judicial Defendants are absolutely immune from suit for monetary damages as well as equitable relief"); *Wightman v. Jones*, 809 F. Supp. 474, 479 (N.D. Tex. 1992) (concluding that judicial immunity bars *Bivens* claims against judges seeking both declaratory and equitable relief). Furthermore, where the plaintiff complains of acts which were subject to appellate review, he has "a remedy at law, which precludes the equitable relief he now seeks." *Mehdipour v. Purcell*, 173 F. Supp. 2d 1165, 1167 (W.D. Okla. 2001) (citing *Switzer v. Coan*, 261 F.3d 885, 990-91 (10th Cir. 2001)), *aff'd*, 62 F. App'x 203 (10th Cir.), *cert. denied*, 540 U.S. 1056 (2003). "Independent lawsuits against presiding judges are not the appropriate vehicle for disgruntled litigants to obtain a reversal of adverse judgments." *Rutherford v. U.S. District Courts*, No. 10-2801, 2010 WL 3807017, at *1 (E.D. La. Sept. 2, 2010) (citation omitted), *adopted*, 2010 WL 3800921 (E.D. La. Sept. 21, 2010).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). An Order consistent with this Memorandum Opinion is issued separately.

DATE: 6/24/2013

_____
United States District Judge